**SIGNED THIS: April 6, 2021**

_____
**Mary P. Gorman
United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| In Re<br><br>JACQUELYN M. MUNSON,<br><br>    Debtor.<br>_____<br><br>JEFFREY D. RICHARDSON,<br><br>    Plaintiff,<br><br> v.<br><br>CELLCO PARTNERSHIP d/b/a<br>VERIZON WIRELESS,<br><br>    Defendant. | Case No. 20-70844<br><br>Chapter 7<br><br><br><br><br><br><br><br>Adv. No. 20-07045 |

# O P I N I O N

Before the Court is the Defendant's motion to dismiss adversary complaint alleging that dismissal is required due to improper venue. Because venue in the Central District of Illinois is proper, the motion will be denied.

## I.　Factual and Procedural Background

Jacquelyn Munson ("Debtor") filed her voluntary Chapter 7 petition on July 24, 2020. On October 12, 2020, the Chapter 7 case trustee ("Trustee") filed an adversary complaint seeking to recover an alleged preferential payment of $1739.60 made by the Debtor to Cellco Partnership d/b/a Verizon Wireless ("Verizon"). The adversary complaint alleges that the Court has jurisdiction over the matter pursuant to 28 U.S.C. §§157 and 1334 and 11 U.S.C. §547.

On November 11, 2020, Verizon filed its motion to dismiss the adversary complaint on the basis that venue is improper. Noting that the complaint set forth no allegations pertaining to venue, Verizon argues that, pursuant to 28 U.S.C. §1409(b), which governs venue of certain bankruptcy proceedings, venue is improper in the Central District of Illinois because Verizon is a Delaware partnership and has its principal place of business in New Jersey. Verizon asserts that the complaint should have been filed in the district where it resides and claims that district is New Jersey. Verizon urges the Court to dismiss the complaint based both on the Trustee's failure to properly allege venue and the Central District of Illinois not being proper venue under §1409(b).

In response, the Trustee argues that preference actions, such as the one now before the Court, are not subject to the requirements of §1409(b) because §1409(b) is limited to proceedings that "arise in" or are "related to" a bankruptcy case and does not apply to matters "arising under title 11." 28 U.S.C. §1409(b). He says the Court need look no further than the plain language of the statute and asks that the motion to dismiss be denied.

After reviewing the initial briefing by the parties, it appeared to the Court that the parties had simply assumed that Verizon did not reside in Central Illinois and that the provisions of §1409(b) were therefore at issue. But the Court questioned whether, as a matter of fact, their assumption was true. Accordingly, the Court entered an order asking for supplemental briefs on the issue of residency, citing 28 U.S.C. §1391(c)(2). The Court noted that, as a matter of common knowledge, Verizon does business throughout the country and certainly has sufficient connections to multiple locations to support venue in multiple places. The Court further explained that it could not reach the issue of whether §1409(b) applies to this action without first resolving whether Verizon has sufficient connections to the Central District of Illinois to establish residency here. The order specifically asked Verizon to explain why the existence of Verizon stores in Central Illinois and the sale and provision of wireless services and equipment to customers in Central Illinois would not be sufficient to support a finding of residency in the Central District of Illinois.

In its supplemental brief, Verizon acknowledges that it provides wireless telecommunications services and equipment in Central Illinois but argues that

it is not "at home" here and that the Court exercising specific jurisdiction over it would not comport with traditional notions of fair play and substantial justice. According to Verizon, its presence in Illinois is not such that it is subject to the Court's general personal jurisdiction and that, while its connection to the Debtor and the Central District of Illinois may be sufficient to subject it to the Court's specific personal jurisdiction, the exercise of that jurisdiction would be unfair and unreasonable under the circumstances and would render §1409(b) meaningless.

In his supplemental brief, the Trustee argues that Verizon has conceded its residency in Central Illinois by failing to address why its connections with the area do not make it a resident. He further argues that Verizon's admission that the complaint arises out of its provision of services and equipment to the Debtor, by itself, establishes specific jurisdiction over Verizon. He claims that Verizon's argument that it would be unfair for the Court to exercise that jurisdiction is unpersuasive given that Verizon is a nationwide provider of goods and services with a sophisticated, physical, commercial presence throughout the State of Illinois.

The matter has been fully briefed and is ready for decision.

## II.  Jurisdiction

This Court has jurisdiction over cases "arising under title 11, arising in, or related to cases under title 11" pursuant to 28 U.S.C. §1334. All bankruptcy cases and proceedings filed in the Central District of Illinois have been referred

to the bankruptcy judges. CDIL-Bankr. LR 4.1; *see* 28 U.S.C. §157(a). Actions to recover preferences are core proceedings and may therefore be constitutionally decided by a bankruptcy judge. 28 U.S.C. §157(b)(2)(F); *see Stern v. Marshall*, 564 U.S. 462, 499 (2011).

To be clear, Verizon makes no actual challenge to the Court's personal jurisdiction over it. Verizon was served with summons and has appeared by an attorney. Verizon filed its motion to dismiss regarding alleged improper venue and included no allegations in the motion regarding any lack of personal jurisdiction; Verizon may be deemed to have waived any formal challenge to personal jurisdiction. Fed. R. Civ P. 12(b)(2), (h); Fed R. Bankr. P. 7012. The discussion below regarding personal jurisdiction is prompted solely because the issue of venue, which is directly before the Court, involves a determination of residency which, in turn, implicates the concept of personal jurisdiction.

### III. Legal Analysis

As a preliminary matter, Verizon's contention that the Trustee's failure to plead any allegations regarding the propriety of venue in the complaint is itself grounds for dismissal must be addressed. Verizon cites no authority for such proposition, and there is ample authority that specific allegations of venue are not required or at least that the lack of such allegations does not render venue improper and require dismissal. *See Great Western Min. & Mineral Co. v. ADR Options, Inc.*, 434 Fed. Appx 83, 86-87 (3d Cir. 2011) (not necessary for plaintiff to include allegations in complaint showing venue is proper); *Westech Aerosol*

*Corp. v. 3M Company*, 2017 WL 6034222, at *2 (W.D. Wash. Dec. 6, 2017) (failure to plead venue not basis for dismissal); *Fox v. Paterson*, 2010 WL 11545717, at *6 (W.D.N.Y. May 13, 2010) (failure to plead specific subsection of statute establishing venue not fatal); *S.E.C. v. Ernst & Young*, 775 F. Supp. 411, 412 (D.D.C. 1991) (failure to plead venue not basis for dismissal) (citing *Klepper Krop, Inc. v. Hanford*, 411 F. Supp. 276, 280 (D. Neb. 1976)); *cf. Keelshield, Inc. v. Megaware Keel-Guard, Inc.*, 2001 WL 575833, at * 3 (C.D. Ill. May 11, 2001) (complaint need not include facts alleging personal jurisdiction). When venue is challenged by a defendant, however, the plaintiff has the burden of establishing that venue is proper. *Caretta v. May Trucking Co.*, 2010 WL 456754, at *1 (S.D. Ill. Feb. 3, 2010). Courts may also consider materials and facts outside the pleadings when deciding whether venue is improper. *Id.; see also Edme v. Internet Brands, Inc.*, 968 F. Supp. 2d 519, 524 (E.D.N.Y. 2013) (citations omitted).

Verizon's motion to dismiss under Federal Rule of Civil Procedure 12(b)(3) argues that the Central District of Illinois is not a proper venue for this action under 28 U.S.C. §1409(b), which provides, in relevant part:

> (a) Except as otherwise provided in subsections (b) and (d), a proceeding arising under title 11 or arising in or related to a case under title 11 may be commenced in the district court in which such case is pending.
>
> (b) Except as otherwise provided in subsection (d) of this section, a trustee in a case under title 11 may commence a proceeding arising in or related to such case to recover a money judgment of or property worth less than $1,375 . . . or a consumer debt of less than $20,450 . . . , or a debt (excluding a consumer debt) against as noninsider of less

> than $25,000, only in the district court for the district in which the defendant resides.

28 U.S.C. §1409(a), (b). The statute clearly limits the commencement of certain actions within certain monetary thresholds to the district court for the district in which the defendant resides. An analysis of whether a specific action meets the requirements of §1409(b) is unnecessary, however, if the defendant resides in the district where the action is filed. Thus, the initial question here is whether, for purposes of determining venue, Verizon resides in the Central District of Illinois.

### A. Verizon Resides and Venue is Proper in the Central District of Illinois.

Although §1409 uses residency as the criteria for determining proper venue for certain bankruptcy proceedings, the provision contains no definition of residency. Rather, §1391 of title 28, which explicitly applies to "all civil actions brought in district courts of the United States[,]" provides in relevant part as follows:

> (c) Residency.—For all venue purposes—
>
> . . .
>
> (2) an entity with the capacity to sue and be sued in its common name under applicable law, whether or not incorporated, shall be deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question and, if a plaintiff, only in the judicial district in which it maintains its principal place of business[.]

28 U.S.C. §1391(a), (c)(2).

For claims brought under federal law, "a federal court has jurisdiction over the defendant if either federal law or the law of the state in which the court sits authorizes service of process to that defendant." *Bump Boxes, Inc. v. Licea*, 2020 WL 1644029, at *2 n.2 (C.D. Ill. Apr. 2, 2020) (quoting *Mobile Anesthesiologists Chi., LLC v. Anesthesia Assocs. of Houston Metroplex, P.A.*, 623 F.3d 440, 443 (7th Cir. 2010)). "[Bankruptcy] Rule 7004(a) provides for nationwide service of process in adversary proceedings; however, under subsection (f), the exercise of personal jurisdiction over a defendant by a bankruptcy court must be consistent with the requirements of the U.S. Constitution."[1] *In re J & J Chemical, Inc.*, 596 B.R. 704, 716 (Bankr. D. Idaho 2019).

Due process requires that the defendant "have sufficient 'minimum contacts' with the forum, such that having to defend the lawsuit there does not offend traditional notions of fair play and justice." *Harpole Const., Inc. v. Medallion Midstream, LLC (In re Harpole Const., Inc.)*, 2016 WL 7373780, at *4 (Bankr. D.N.M. Nov. 23, 2016) (citing *Anzures v. Flagship Restaurant Group*, 819 F.3d 1277, 1279 (10th Cir. 2016)); *see also Tamburo v. Dworkin*, 601 F.3d 693, 700-01 (7th Cir. 2010) (citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). The contacts necessary to establish whether personal jurisdiction exists may be either general or specific. *Tamburo*, 601 F.3d at 701-02. That is

---

[1] Absent an argument that due process protections under the Illinois Constitution are different, only the United States Constitution need be discussed. *Bump Boxes*, 2020 WL 1644029, at *2 n.2 (citing *Matlin v. Spin Master Corp.*, 921 F.3d 701, 705 (7th Cir. 2019); *Aspen Am. Ins. Co. v. Interstate Warehousing, Inc.*, 90 N.E.3d 440, 444 (Ill. 2017)).

to say that personal jurisdiction may be general or specific as to the claims made in the case. *Id.* at 701.

General personal jurisdiction exists without regard to the alleged conduct at issue in the case; it is based solely on a defendant's "continuous and systematic" contacts with the forum. *Id.* at 701 (citing *Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 416 (1984)). "The threshold for general jurisdiction is high; the contacts must be sufficiently extensive and pervasive to approximate physical presence." *Id.* at 701. The Supreme Court has been reluctant to embrace a "sprawling view of general jurisdiction," instead largely limiting jurisdictional reach over corporations to the place of incorporation and principal place of business—where the corporation is fairly regarded as at home. *Daimler AG v. Bauman*, 571 U.S. 117, 136-37 (2014). And while general personal jurisdiction is not limited to a corporation's place of incorporation or principal business, the Court has not expressed a willingness to extend the exercise of general jurisdiction to every place "in which a corporation 'engages in a substantial, continuous, and systematic course of business.'" *Id.* at 137-38.

Specific personal jurisdiction, on the other hand, relates directly to the conduct or transaction at issue in the proceeding. Where a defendant has deliberately "reached out beyond" its home by purposely availing itself of the privilege of conducting activities within another forum and the plaintiff's claims "arise out of or relate to the defendant's contacts with the forum[,]" specific personal jurisdiction may be appropriate. *Ford Motor Company v. Montana*

*Eighth Judicial District Court,* --- U.S. ---, --- S. Ct. ---, 2021 WL 1132515, at *4 (Mar. 25, 2021). But even when the standard is satisfied, courts must determine whether the exercise of specific personal jurisdiction comports with traditional notions of fair play and substantial justice. *Tamburo,* 601 F.3d at 702 (citing *Int'l Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945)). In essence, the specific jurisdiction analysis is about predictability or foreseeability and reasonableness.

Here, Verizon maintains that, because it is controlled by a partnership headquartered in New Jersey and because "the only meaningful venue test with respect to a partnership may be the district in which it has its principal place of business or its principal assets in the United States[,]" it should be deemed to reside in New Jersey and not in Illinois. *See In re Peachtree Lane Associates, Ltd.,* 198 B.R. 272, 273-74 (Bankr. N.D. Ill. 1996). And while Verizon does not dispute that it is a national provider of wireless telecommunications services registered to conduct business in the State of Illinois and that the transfers at issue in this proceeding were payments in exchange for wireless telecommunications services and related equipment provided to the Debtor in Central Illinois, it argues that exercising specific personal jurisdiction over it would not comport with traditional notions of fair play and substantial justice.

Without question, Verizon purposefully directed its business activities at Central Illinois and purposefully availed itself of the privileges of conducting business in the State of Illinois; the transactions at issue in this proceeding are a direct result of those forum-related business activities. It acknowledges that

it is registered with the Secretary of State to conduct business in Illinois, has stores throughout the state, and provides services in and to residents of the Central District of Illinois. And again, Verizon does not dispute that it is its dealings with the Debtor in this context that serve as the basis for the Trustee's complaint. Thus, specific personal jurisdiction is clearly appropriate, and Verizon must be deemed to reside, for purposes of §1409(b)), in Central Illinois unless traditional notions of fair play and substantial justice demand otherwise. *See* 28 U.S.C. §1409(b); *Tamburo*, 601 F.3d at 702.

Verizon correctly cites the following factors as being relevant to the "fair play and substantial justice" inquiry: "the burden on the defendant, the forum state's interest in adjudicating the dispute, the plaintiff's interest in obtaining convenient and effective relief, the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and the shared interest of the several states in furthering fundamental substantive social policies." *Tamburo*, 601 F.3d at 709 (citing *Burger King Corp.*, 471 U.S. at 477). But it is also true that, "where a defendant who purposefully has directed his activities at forum residents seeks to defeat jurisdiction, he must present a compelling case that the presence of some other considerations would render jurisdiction unreasonable." *Burger King Corp.*, 471 U.S. at 477. Verizon has failed to present such a compelling case here.

As the Supreme Court and the Seventh Circuit—as well as other courts of appeals—have held, there is nothing unfair about calling a national company that advertises and provides products or services throughout the country to

-11-

answer for its business activities in a forum where it actually conducts business and harm is alleged to have occurred. *See Ford Motor Company*, 2021 WL 1132515, at *6; *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 781 (1984); *uBid, Inc. v. GoDaddy Group, Inc.*, 623 F.3d 421, 427 (7th Cir. 2010); *see also, e.g.*, *Mavrix Photo, Inc. v. Brand Technologies, Inc.*, 647 F.3d 1218, 1229-30 (9th Cir. 2011). Verizon advertises, maintains physical storefronts, and provides telecommunications equipment and services throughout the country and, specifically relevant here, in Central Illinois. Verizon places significant weight on its own burden in defending itself here when it considers itself to be "at home" in New Jersey. Basically, Verizon wants to eat its cake and have it too— "it wants the benefit of a nationwide business model with none of the exposure." *Illinois v. Hemi Group LLC*, 622 F.3d 754, 760 (7th Cir. 2010). There is nothing constitutionally unfair about this Court exercising personal jurisdiction over Verizon in this proceeding. *Id.*

Further, this Court has a substantial interest in adjudicating the dispute, which is a preference action that would not exist but for the bankruptcy case pending before it. And as for the interstate judicial system's interest in obtaining efficient resolution of controversies, the scale again weighs in favor of this Court exercising personal jurisdiction over Verizon. Verizon makes no claim that this Court cannot efficiently resolve the dispute. To find that Verizon may only be sued in New Jersey for its conduct in Illinois that gives rise to the Trustee's preference action would be contrary to the very

notions of fair play and substantial justice that Verizon suggests should control here.

Verizon intentionally availed itself of the privileges of doing business in the State of Illinois and specifically in Central Illinois. It has failed to present a compelling case for this Court to refrain from exercising personal jurisdiction over it. And, because personal jurisdiction over Verizon is proper, Verizon is deemed to "reside" in the Central District of Illinois for purposes of venue under §§1391(c) and 1409(b). Thus, venue is proper in the Central District of Illinois.

### *B. Section 1409(b) Does Not Apply to this Proceeding.*

Even if the Court were to hold that Verizon does not reside in the Central District of Illinois for purposes of venue under §§1391(c) and 1409(b), there would be a question as to whether §1409(b) even applies to this preference action. The Trustee argues that §1409(b) is inapplicable because the provision only applies to proceedings "arising in" or "related to" a case under title 11, and not to proceedings "arising under" title 11, such as preference actions.

As the Trustee notes, subsection (a) of §1409 sets forth the general rule that, for "proceedings arising under title 11 or arising in or related to a case under title 11[,]" venue is proper in the district where such underlying bankruptcy case is pending. 28 U.S.C. §1409(a). Subsection (b), which subsection (a) notes is an exception to the general rule, limits venue for certain proceedings, namely those "arising in or related to [the bankruptcy] case[,]" to

-13-

the "district court for the district in which the defendant resides."[2] 28 U.S.C. §1409(b). Notably absent from subsection (b) is any reference to proceedings "arising under title 11," which are unambiguously included in the general venue provision set forth in subsection (a). Numerous courts, including the Bankruptcy Court for the District Court of New Jersey where Verizon contends this proceeding should have been commenced, have held that the statute is unambiguous on its face and that proceedings "arising under title 11," which include preference actions, do not fall into the exception to the general rule that venue is proper in the district where the bankruptcy is pending. *See Straffi v. Gilco World Wide Markets (In re Bamboo Abbott, Inc.)*, 458 B.R. 701, 704-05 (Bankr. D.N.J. 2011); *see also, e.g., Klein v. ODS Technologies, LP (In re J & J Chemical, Inc.)*, 596 B.R. 704, 710, 712-14 (Bankr. D. Idaho 2019); *Moyer v. Bank of America (In re Rosenberger)*, 400 B.R. 569, 572-74 (Bankr. W.D. Mich 2008). But other courts have looked beyond the plain language of the statute and undertaken their own investigation into the intent of the legislature, concluding that Congress unintentionally omitted "arising under" from subsection (b) and therefore holding that the venue exception applies to all three types of bankruptcy proceedings. *See, e.g., Muskin, Inc. v. Strippit Inc. (Little Lake Indus., Inc.)*, 158 B.R. 478 (9th Cir. BAP 1993); *Dynamerica Mfg., LLC, v. Johnson Oil Co. LLC (In re Dynamerica Mfg., LLC)*, 2010 WL 1930269, at *1 (Bankr. D. Del. May 20, 2010). This Court agrees with those courts applying

---

[2] The exception in §1409(b) is also subject to subsection (d), which is not relevant to this action and need not be discussed here. There are also certain monetary limits to the exception that are beyond the scope of this Opinion.

the plain language of the statute and concludes that it is similarly bound by the words of Congress as written.

The Supreme Court has long made clear the established principle that "when the statute's language is plain, the sole function of the courts—at least where the disposition required by the text is not absurd—is to enforce it according to its terms." *Lamie v. United States Trustee*, 540 U.S. 526, 534 (2004) (quoting *Hartford Underwriters Ins. Co. v. Union Planters Bank, N.A.*, 530 U.S. 1 (2000)) (internal quotation marks omitted). Here, applying the plain language of the statute according to its terms does not yield absurd results. "The distinction between proceedings which 'arise under' the Bankruptcy Code and those which 'arise in' cases under the Bankruptcy Code is well recognized." *Rosenberger*, 400 B.R. at 573. A proceeding "arises under" title 11 "if it invokes a substantive right provided by title 11," whereas "proceedings or claims 'arising in' [t]itle 11 are those that are not based on any right expressly created by [t]itle 11, but nevertheless, would have no existence outside of the bankruptcy." *Id.* at 573 (citations omitted) (internal quotation marks omitted). With this distinction in mind, it cannot be said that excluding preference actions—"quintessential arising under" proceedings—from the grasp of §1409(b) would yield absurd results. *See Rosenberger*, 400 B.R. at 573-74; *J & J Chemical*, 596 B.R. at 713-14.

Verizon argues that proceedings "arising under" title 11 fall within the umbrella of proceedings that "arise in" a case under title 11, and the specific omission of "arising under" proceedings from §1409(b) is therefore

inconsequential and not intended to exclude such proceedings from the limitations of the statute. *See, e.g., Little Lake Indus.*, 158 B.R. at 481. But it could also be said that proceedings that "arise in" a bankruptcy case also "relate to" a case under title 11. Following that logic, the inclusion of both proceedings "arising in" and "related to" a case under title 11 would be superfluous, making the exclusion of proceedings "arising under" title 11 all the more curious.

The Supreme Court has said that "[w]here Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion." *Russello v. United States*, 464 U.S. 16, 23 (1983). Here, Congress specifically included all three types of proceedings in setting forth the general rule for venue of bankruptcy proceedings in subsection (a) but only carved out an explicit exception to that rule for proceedings "arising in" or "related to" a bankruptcy case in subsection (b); proceedings "arising under" title 11 were conspicuously omitted. 28 U.S.C. §1409(a), (b). It is therefore not difficult for this Court to conclude that, even if it were to ignore the fact that Verizon resides in the Central District of Illinois for purposes of venue, it would be bound by the plain language of the statute as enacted by Congress and compelled to find that §1409(b) does not apply to proceedings "arising under" title 11.

### IV. Conclusion

Verizon is a nationwide provider of telecommunications equipment and services with an established business presence in the State of Illinois and, specifically, in the Central District of Illinois. Through that business operation, Verizon transacted with the Debtor, who is a resident of and has filed her bankruptcy case in the Central District of Illinois. It is Verizon's specific dealings with the Debtor that provide the underlying foundation for the Trustee's complaint to recover an alleged preferential payment made prior to the Debtor's bankruptcy filing. As a result, this Court may properly exercise personal jurisdiction over Verizon. And, because, under §1391(c), a defendant is deemed to reside in the district where it is subject to the court's personal jurisdiction, Verizon resides within the Central District of Illinois. Because §1409(b) limits venue in certain bankruptcy proceedings to the district where the defendant resides, venue is proper here.

The matter before the Court is a preference action, which is a proceeding "arising under" title 11. The plain language of §1409(b) limits venue for claims "arising in" or "related to" a bankruptcy case; it places no such limits on claims "arising under" title 11. Thus, §1409(b) does not limit venue in this preference action. For these reasons, Verizon's motion to dismiss the complaint based on improper venue will be denied.

This Opinion is to serve as Findings of Fact and Conclusions of Law pursuant to Federal Rule of Bankruptcy Procedure 7052. See written Order.

###